HENRY E. SULLIVAN, Respondent, *v.* FIRTH & FOSTER COMPANY, Appellant.

First Department, December 16, 1921.

Corporations — foreign corporations — service of summons on director temporarily within State set aside where cause of action did not arise within State, defendant was not doing business within State and had no property here — when defendant not doing business within State.

In an action against a foreign corporation, the service of a summons on a director, not an officer, while temporarily within the State, will be set aside where it appears that the cause of action did not arise within the State, and that the defendant was not doing business within the State, and had no property here.

A foreign corporation is not doing business within this State within the
jurisdictional sense, where it leases no office, employs no salesmen and
has no resident manager or representative in this State, though, through
the courtesy of another corporation, it is allowed to have its name on
the office door of such other corporation and to have a listing in the
telephone book at that address, and though a clerk of such other corporation
receives telephone messages for the defendant's agent who calls at the
office occasionally.

APPEAL by the defendant, Firth & Foster Company, from
an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of
New York on the 20th day of September, 1921, denying
defendant's motion to set aside the service of the summons
and complaint herein.

*Cravath, Henderson, Leffingwell & de Gersdorff* [*Robert H.
Neilson* of counsel], for the appellant.

*Levy & Becker* [*Peter A. Lee* of counsel; *Joseph Levy* with
him on the brief], for the respondent.

DOWLING, J.:

The defendant is a foreign corporation, organized under
the laws of the State of Pennsylvania. Service of the sum-
mons and complaint herein was made upon J. A. Kerle, a
director (but not an officer) of defendant, at the office of
C. A. Auffmordt & Co. in the city of New York, while Kerle
was making a social visit on a person connected with that firm.

The action is brought by plaintiff as the assignee of Wal-
worth Bros., Inc., of the city of Lawrence, Mass., and is based
upon defendant's failure to return certain merchandise delivered
to it in order that certain work might be done thereupon by
dyeing same and then returning the finished goods to plaintiff's
assignor.

In the first place, it is not shown that the cause of action
in question arose within the State of New York. The goods
to be dyed were sent from Massachusetts to Pennsylvania,
and shipped from there when finished to wherever the owner
directed by common carrier or otherwise.

In the second place, it is not shown that defendant was
doing business within the State of New York. It leases no
office, employs no salesmen and has no resident manager or

representative in New York. Through the courtesy of William F. Read Sons Company, it is allowed to have its name on the door of the former's office at 212 Fifth avenue and to have a listing in the telephone book at that address. Whatever messages come by mail or telephone are simply received by a clerk in Read's employ, and communicated or given later to Kerle, who visits New York about once in two weeks. While the affidavits in support of the service refer to information received " leading to the inference " that the defendant was doing business in this State, and while it is said that " it was commonly and generally known " throughout the textile trade that defendant was doing business on a large scale here, not a single affidavit is produced from any one with whom the defendant did business here, nor is there any legal proof of any kind of that fact.

In the third place, it is not shown that defendant had any property within the State of New York. The respondent asks the court to infer that there was some property belonging to the defendant in the office in question, even if it consisted only of a desk, chair and stationery, besides accounts receivable. But the affidavit in support of the motion alleges that defendant owns no property in this State, keeps no bank account here, has no representative here, owns none of the furniture in the office, and pays nothing for the privilege it has received of displaying its name on the door, being listed in the telephone book and having a clerk in some one else's employ receive its mail and telephone calls. None of its officers or directors reside in this State.

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.